**Ronald HUFFMAN, Appellant,**

v.

**Jeremiah W. (Jay) NIXON, Respondent.**

**No. SC 84539.**

Supreme Court of Missouri,
En Banc.

March 4, 2003.

Ronald Huffman, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Michael J. Spillane, Gregory L. Barnes, Assistant Attorneys General, Jefferson City, for respondent.

PER CURIAM.

Ronald Huffman pleaded guilty to manufacturing a controlled substance and possessing a controlled substance. He was sentenced pursuant to section 217.362.[1] That section permits a court to sentence a defendant to (1) participation in an intensive long-term substance abuse treatment program and (2) a term of incarceration. *Section 217.362.2.* While in the treatment program, the execution of the term of incarceration is suspended. *Id.*

Huffman received conduct violations resulting in his discharge from the treatment program. His term of incarceration, seven years for manufacturing and 14 years for possession, was no longer suspended. He filed this declaratory judgment action. He alleged that (1) he should be able to withdraw his guilty plea pursuant to Rule 29.07(d) rather than by seeking habeas corpus relief and (2) section 217.362 is invalid because unconstitutionally vague and in violation of the principle of separation of powers. The circuit court found that neither contention is correct. Because of the constitutional claim, this Court has jurisdiction. *Mo. Const. article V, section 3.*

On appeal, Huffman does not pursue his claim concerning Rule 29.07(d). As to the constitutional claim, the statute unambiguously provides that the sentence will be executed if the defendant fails to complete the treatment program. *Section 217.362.4.* Only the judiciary, through the trial court, is involved in imposing a sentence having this consequence.

The trial court's judgment is affirmed.

All concur.

---

1. All statutory references at to RSMo 2000.